IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-132

 No. 209A21

 Filed 5 November 2021

 IN THE MATTER OF: C.M.F., D.J.H., N.S.E.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered 2 March

 2021 by Judge Ricky W. Champion in District Court, Alamance County. This matter

 was calendared for argument in the Supreme Court on 30 September 2021, but was

 determined on the record and briefs without oral argument pursuant to Rule 30(f) of

 the North Carolina Rules of Appellate Procedure.

 Jamie L. Hamlett for petitioner-appellee Alamance County Department of
 Social Services.

 Thomas N. Griffin, III, for appellee Guardian ad Litem.

 Richard Croutharmel for respondent-appellant-mother.

 PER CURIAM.

¶1 Respondent-mother Krystle H. appeals from the trial court’s order terminating

 her parental rights in three of her children. Respondent-mother’s appellate counsel

 has filed a no-merit brief on his client’s behalf pursuant to N.C.R. App. P. 3.1(e). After

 careful consideration of the record in light of the applicable law, we conclude that the

 issues identified by respondent-mother’s appellate counsel as arguably supporting an
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

 award of relief from the trial court’s termination order lack merit and affirm the trial

 court’s termination order.

¶2 Respondent-mother Krystle H. and the father James E. were married on 15

 July 2006, with five children having been born of their marriage, one of whom,

 N.S.E.,1 was born on 1 December 2010 in Hattiesburg, Mississippi. Respondent-

 mother and Mr. E. divorced on or about 21 August 2012. On or about 2 August 2012,

 respondent-mother married Joe H., with D.J.H.2 having been born of their marriage

 in Hattiesburg on 24 September 2013. Respondent-mother and Mr. H. divorced on

 28 August 2017. C.M.F.3 was born to respondent-mother and Joshua R. in

 Hattiesburg on 4 October 2017. While they were living in Mississippi, the children

 were the subject of a juvenile court proceeding that involved allegations of sexual

 abuse during which they were placed in foster care before being returned to

 respondent-mother’s custody.

¶3 Respondent-mother and the children had been residing in North Carolina since

 December 2019, when respondent-mother moved to this State in order to live with a

 man that she had met through an on-line dating service. On 25 February 2020, the

 1 N.S.E. will be referred to throughout the remainder of this opinion as “Nancy,” which

 is a pseudonym that will be used for ease of reading and to protect the juvenile’s privacy.
 2 D.J.H. will be referred to throughout the remainder of this opinion as “Danny,” which

 is a pseudonym that will be used for ease of reading and to protect the privacy of the juvenile.
 3 C.M.F. will be referred to throughout the remainder of this opinion as “Carol,” which

 is a pseudonym that will be used for ease of reading and to protect the privacy of the juvenile.
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

 Alamance County Department of Social Services obtained the entry of an order taking

 the children into nonsecure custody and filed a juvenile petition alleging that Carol,

 Danny, and Nancy were neglected and dependent juveniles.4 In its petition, DSS

 alleged that the children received improper supervision, had insufficient housing,

 lacked proper hygiene, and had been subjected to improper discipline; that

 respondent-mother lacked adequate financial resources and parenting skills and had

 mental health and substance abuse-related problems; and that respondent-mother

 and her boyfriend had assaulted the children. After the filing of the petition, Judge

 Kathryn W. Overby communicated with the applicable judicial authorities in

 Mississippi, with that state having declined to exercise jurisdiction over the children

 after determining that North Carolina would be a more convenient forum.

¶4 On 22 June 2020, Judge Overby entered an adjudication order based upon

 stipulations by respondent-mother in which Judge Overby found that Carol, Danny,

 and Nancy were neglected and dependent juveniles, determined that a dispositional

 hearing would be held at a later time, and ordered that the children remain in the

 temporary custody of DSS. On 22 July 2020, Judge Overby entered a dispositional

 order providing that the children would remain in DSS custody; requiring the parents

 4 The underlying neglect and dependency proceeding involved children in addition to

 Carol, Danny, and Nancy. However, none of these other children were the subject of the
 termination of parental rights proceeding that is before us in this case. As a result, we will
 refrain from commenting upon the proceedings relating to the other children in this opinion.
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

 to provide support for the children while they were in DSS custody; and ordering that,

 in order to reunify with the children, respondent-mother develop a sufficient source

 of income to provide for herself and the children; provide for a safe, stable, and secure

 home environment; refrain from allowing her use of unlawful substances to interfere

 with her ability to parent the children; obtain a substance abuse and mental health

 assessment and comply with all treatment-related recommendations; participate in

 parenting education and demonstrate the ability to use the skills that she had learned

 during her interactions with the children; demonstrate the ability to meet the medical

 and mental health needs of the children by attending their medical and mental health

 appointments; and visit with the children.5

¶5 After a permanency planning and review hearing held on 23 September 2020,

 Judge Overby entered an order on 9 October 2020 in which she found, among other

 things, that, while respondent-mother was employed at McDonald’s, she had failed

 to provide sufficient information concerning her earnings, that respondent-mother

 had failed to secure stable and adequate housing, that respondent-mother’s substance

 abuse assessment had resulted in a diagnosis of tobacco use disorder, that

 respondent-mother’s mental health assessment had resulted in recommendations

 5 Judge Overby also ordered that the fathers take certain steps in order to be reunified

 with their children. In view of the fact that there are no issues relating to the fathers before
 us in this case, we will refrain from describing the provisions of the dispositional order or
 subsequent orders relating to the fathers in this opinion.
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

 that respondent-mother participate in individual and group therapy and medication

 management, that respondent-mother had participated in a single medication

 management session, and that respondent-mother had failed to take any steps to

 satisfy her obligation to provide support for her children. As a result, Judge Overby

 determined that the primary permanent plan for Carol, Danny, and Nancy should be

 adoption, with a secondary plan of reunification, in light of respondent-mother’s

 failure to make adequate progress toward rectifying the concerns that had led to the

 children’s removal from her home.

¶6 On 24 November 2020, DSS filed a motion seeking to terminate respondent-

 mother’s parental rights in Carol, Danny, and Nancy on the grounds that respondent-

 mother’s parental rights in the children were subject to termination on the basis of

 neglect, N.C.G.S. § 7B-1111(a)(1); failure to pay a reasonable portion of the cost of the

 care that the children had received while in a placement outside the home, N.C.G.S.

 § 7B-1111(a)(3); and dependency, N.C.G.S. § 7B-1111(a)(6), and that the termination

 of respondent-mother’s parental rights would be in the children’s best interests. On

 2 March 2021, the trial court entered an order concluding that respondent-mother’s

 parental rights in Carol, Danny, and Nancy were subject to termination on the basis

 of all three of the grounds for termination alleged in the termination petition and that

 the termination of respondent-mother’s parental rights would be in the children’s best

 interests. Based upon these determinations, the trial court ordered that respondent-
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

 mother’s parental rights in the children be terminated.6 Respondent-mother noted

 an appeal from the trial court’s termination order to this Court.

¶7 Respondent-mother’s appellate counsel has filed a no-merit brief on his client’s

 behalf. In that brief, respondent-mother’s appellate counsel identified a number of

 issues that could potentially provide a basis for challenging the lawfulness of the trial

 court’s termination order, including whether the record evidence and the trial court’s

 findings of fact provided adequate support for its determination that respondent-

 mother’s parental rights in Carol, Danny, and Nancy were subject to termination and

 whether the trial court had abused its discretion by determining that the termination

 of respondent-mother’s parental rights would be in the children’s best interests.

 Ultimately, however, respondent-mother’s appellate counsel concluded that there

 was no non-frivolous basis for challenging the lawfulness of the trial court’s

 determination that respondent-mother’s parental rights in the children were subject

 to termination on the basis of her failure to pay a reasonable portion of the cost of the

 children’s care while in DSS custody, N.C.G.S. § 7B-1111(a)(3), and that, since the

 termination order contained findings of fact that were supported by sufficient record

 evidence relating to the dispositional factors delineated in N.C.G.S. § 7B-1110(a) and

 6 The trial court also terminated the parental rights of the fathers in his termination

 order. In view of the fact that none of the children’s fathers have sought review of the trial
 court’s termination order by this Court, we will refrain from discussing the termination-
 related proceedings concerning the fathers any further in this opinion.
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

 since the trial court’s findings of fact provided adequate support for its dispositional

 decision, there was no non-frivolous basis for challenging the lawfulness of the trial

 court’s determination that the termination of respondent-mother’s parental rights

 would be in the children’s best interests. Although respondent-mother’s appellate

 counsel communicated with respondent-mother for the purpose of advising her that

 she had a right to file written arguments for the Court’s consideration and provided

 respondent-mother with the materials necessary to permit her to do so, respondent-

 mother failed to submit any written arguments for consideration by the Court. Both

 DSS and the guardian ad litem filed briefs expressing agreement with the conclusion

 reached by respondent-mother’s appellate counsel that the record does not disclose

 the existence of any arguably meritorious issues in this case.

¶8 This Court independently reviews issues identified by counsel in a no-merit

 brief filed pursuant to N.C.R. App. P. 3.1(e) for the purpose of determining if any of

 those issues have potential merit. In re L.E.M., 372 N.C. 396, 402 (2019). After a

 careful review of the issues identified in the no-merit brief filed by respondent-

 mother’s appellate counsel in this case in light of the record and the applicable law,

 we are satisfied that the findings of fact contained in the trial court’s termination

 order have ample record support and that the trial court did not err in the course of

 determining that respondent-mother’s parental rights in the children were subject to

 termination and that the termination of respondent-mother’s parental rights would
 IN RE C.M.F., D.J.H., N.S.E.

 2021-NCSC-132

 Opinion of the Court

be in the children’s best interests. As a result, we affirm the trial court’s order

terminating respondent-mother’s parental rights in Carol, Danny, and Nancy.

 AFFIRMED.